UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES KIRBY BURKS, JR.,

    Petitioner,

v.

TIMOTHY S. STEWART,

    Respondent.

Civil Action No. TDC-18-0577

**MEMORANDUM ORDER**

Petitioner James Kirby Burks, Jr., an inmate at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland), has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he seeks his immediate release, as well as a Motion to Expedite the resolution of his Petition. He has also filed a Motion for Grant of Release on Personal Recognizance, in which he seeks release pending resolution of the Petition. For the reasons set forth below the Petition is DISMISSED, and the Motions are DENIED.

**BACKGROUND**

In 1994, Burks was convicted after a jury trial in the United States District Court for the Eastern District of Virginia of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and for engaging in a continuing criminal enterprise ("CCE") in which he supervised five or more persons, in violation of 21 U.S.C. § 848. On June 3, 1994, the Court imposed two concurrent life sentences, which were within the applicable guideline range under the United States Sentencing Guidelines.

On direct appeal, Burks asserted that his convictions were multiplicitous because the conspiracy and overt acts alleged were the predicate offenses used to support the CCE charge. The United States Court of Appeals for the Fourth Circuit agreed, vacated the conspiracy conviction, and remanded the case to the district court with instructions to dismiss that conviction. *United States v. Burks*, 85 F.3d 617, 1996 WL 228806, at *1 (4th Cir. Apr. 29, 1996) (unpublished). However, the Fourth Circuit affirmed the CCE conviction. Because the life sentence imposed on that charge was itself within the applicable guidelines range, the court declined to order that Burks be re-sentenced. The United States Supreme Court denied Burks's petition for a writ of certiorari. *Burks v. United States*, 85 U.S. 617 (1996).

In 1997, Burks filed a Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255, which was denied by the district court. On January 28, 1998, the Fourth Circuit denied a certificate of appealability and dismissed Burks's appeal of the denial of his § 2255 motion. *United States v. Burks*, 134 F.3d 364, 1998 WL 29510, at *1 (4th Cir. Jan. 28, 1998) (unpublished).

## DISCUSSION

A prisoner may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in order to challenge the calculation or execution of the sentence. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). Burks claims that he is challenging the execution of his sentence based on his allegation that his sentence was supposed to expire on May 22, 2017, yet he remains in custody. However, a review of his Petition reveals that his arguments are based entirely on his claims that his conviction and sentence were invalid, including that certain sentencing enhancements were improperly applied, such that his life sentence exceeded the applicable guideline range. Thus, Burks is essentially attacking the validity of his underlying sentence, not

2

its execution. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (recognizing that courts may recharacterize the legal label a pro se litigant attaches to a motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").

Ordinarily, the legality of a federal prisoner's conviction and sentence must be challenged under 28 U.S.C. §2255 unless the remedy available through a § 2255 motion "is inadequate or ineffective to test the legality of his detention," an exception referred to as the § 2255 "savings clause." 28 U.S.C. § 2255(e) (2012); *see In re Vial*, 115 F.3d at 1194. In such a case, an inmate may proceed under § 2241 to challenge his conviction. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

The savings clause is applicable "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, a § 2255 motion is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. Thus, the applicability of the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not the inapplicability of a sentencing factor. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach a petitioner's claim that he was "innocent"

of being classified as a career offender under the Sentencing Guidelines). "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *See Poole*, 531 F.3d at 267 n.7. Otherwise, the statutory limit on second and successive § 2255 motions would be meaningless. *See* 28 U.S.C. § 2255(h).

Here, Burks seeks habeas relief under § 2241 by way of the savings clause because he has previously filed a § 2255 motion. His Petition alleges that his sentence violates the Double Jeopardy Clause of the Fifth Amendment, that he was improperly assigned a four-level increase in his offense level, which resulted in a guideline range of life imprisonment, and that as a result, the Warden of FCI-Cumberland is "guilty of false imprisonment and violations of Petitioner's Fifth Amendment right to due process due to the execution of an unconstitutional judgment." Pet. at 22, ECF No. 1-1. Burks does not establish that his Petition meets the criteria set forth in *Jones* that would justify a § 2241 petition. His citations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), which addressed the proof requirement for facts that increase the statutory maximum penalty, *Apprendi*, 530 U.S. at 490; *Alleyne*, 570 U.S. at 116, are unpersuasive because none of the sentencing enhancements referenced in the Petition, or the facts underlying those enhancements, increased the statutory maximum or minimum sentences. *See* 21 U.S.C. § 848(a) (setting the maximum sentence as life imprisonment). Accordingly, he may not challenge his conviction and sentence through a § 2241 petition. The Court will therefore dismiss the Petition. As a result, the Motion to Expedite and the Motion for Grant of Release on Personal Recognizance are now moot and thus will be denied.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on

procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that Burks has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Burks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Burks's Petition for a Writ of Habeas Corpus is DISMISSED. The Court declines to issue a certificate of appealability. The Motion to Expedite, ECF No. 2, and the Motion for Grant of Release on Personal Recognizance, ECF No. 5, are DENIED AS MOOT. The Clerk shall close the case.

Date: June 11, 2018

THEODORE D. CHUANG
United States District Judge